DEBRA J. CARFORA
BRANDON N. ADKINS
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2640
Fax: (202) 514-8865
Email: debra.carfora@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ASBESTOS DISEASE AWARENESS ORGANIZATION et al., <br><br> *Plaintiffs,* <br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> *Defendants.* | Case No. 3:19-CV-00871-EMC <br><br> **EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60** <br><br> Date: March 11, 2021 <br> Time: 1:30 p.m. <br> Location: Courtroom 5, 17th Floor |
| STATE OF CALIFORNIA, by and through Attorney General Xavier Becerra, et al., <br><br> *Plaintiffs,* <br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> *Defendants.* | Case No. 3:19-CV-03807-EMC |

i

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ iii

NOTICE OF MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60 ............................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................................ 2

INTRODUCTION ................................................................................................................................. 2

BACKGROUND ................................................................................................................................... 3

STANDARD OF REVIEW .................................................................................................................... 3

ARGUMENT ......................................................................................................................................... 4

    I.    THE COURT EXCEEDED ITS AUTHORITY UNDER THE APA BY DIRECTING EPA TO TAKE SPECIFIC ACTION ON REMAND. ............................ 5

        A.    The Proper Relief Under 5 U.S.C. § 706(2) is Remand With Instructions to Reconsider the Challenged Agency Action. ......................................................... 5

        B.    The Court's Order Reflects a Manifest Error of Law ............................................ 7

        C.    The Court's Remedy Conflicts with Principals of Constitutional and Administrative Law. ................................................................................................ 9

            1.    Separation of Powers ................................................................................. 9

            2.    Notice and Comment Rulemaking .......................................................... 10

    II.    THE COURT'S REMEDY ALSO EXCEEDS THAT PROVIDED BY TSCA .......... 11

CONCLUSION ................................................................................................................................... 13

ii

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

# TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. Herron*,
  634 F.3d 1101 (9th Cir. 2011) ................................................................................................ 2

*Am. Hosp. Ass'n v. Bowen*,
  834 F.2d 1037 (D.C. Cir. 1987) ............................................................................................. 9

*Balla v. Idaho State Bd. of Corrections*,
  869 F.2d 461 (9th Cir. 1989) ................................................................................................. 2

*Beno v. Shalala*,
  30 F.3d 1057 (9th Cir. 1994) ................................................................................................. 8

*California v. Bernhardt*,
  472 F. Supp. 3d 573 (N.D. Cal. 2020) ................................................................................... 9

*California by & through Becerra v. United States Dep't of the Interior*,
  381 F. Supp. 3d 1153 (N.D. Cal. 2019) ................................................................................. 9

*Camp v. Pitts*,
  411 U.S. 138 (1973) .............................................................................................................. 5

*Citizens to Pres. Overton Park, Inc. v. Volpe*,
  401 U.S. 402 (1971) .............................................................................................................. 4

*Community Voice v. United States EPA*,
  878 F.3d 779 (9th Cir. 2017) ......................................................................................... 3, 6, 7

*Dep't of Homeland Sec. v. Regents of the Univ. of California*,
  140 S. Ct. 1891 (2020) ....................................................................................................... 5, 8

*Encino Motorcars, LLC v. Navarro*,
  136 S. Ct. 2117 (2016) ........................................................................................................ 10

*F.C.C. v. Fox Television Stations*,
  556 U.S. 502 (2009) ............................................................................................................ 10

*Fed. Power Comm'n v. Idaho Power Co.*,
  344 U.S. 17 (1952) ............................................................................................................ 3, 5

*Florida Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985) .............................................................................................................. 5

iii

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC;  3:19-CV-03807-EMC

*Gardner v. U.S. Bureau of Land Mgmt.*,
   638 F.3d 1217 (9th Cir. 2011) ................................................................................5, 6

*Hall v. E.P.A.*,
   273 F.3d 1146 (9th Cir. 2001) .......................................................................................11

*Home Box Office, Inc. v. F.C.C.*,
   567 F.2d 9 (D.C. Cir. 1977) ............................................................................................9

*Idaho Farm Bureau Fed'n v. Babbitt*,
   58 F.3d 1392 (9th Cir. 1995) ..........................................................................................9

*In re Bluewater Network*,
   234 F.3d 1305 (D.C. Cir. 2000) .....................................................................................7

*In re: Calif. Power Exch. Corp.*,
   245 F.3d 1110 (9th Cir. 2001) ........................................................................................6

*Klapprott v. United States*,
   335 U.S. 601 (1949) .......................................................................................................3

*Mexichem Specialty Resins, Inc. v. E.P.A.*,
   787 F.3d 544 (D.C. Cir. 2015) .......................................................................................6

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*,
   463 U.S. 29 (1983) .....................................................................................................4, 5

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife*,
   551 U.S. 644 (2007) .......................................................................................................3

*National Ass'n of Home Builders v. EPA*,
   682 F.3d 1032 (D.C. Cir. 2012) ...................................................................................10

*NLRB v. Food Store Employees Union*,
   417 U.S. 1 (1974) ...........................................................................................................5

*N. Carolina Growers' Ass'n, Inc. v. United Farm Workers*,
   702 F.3d 755 (4th Cir. 2012) ..........................................................................................9

*Norton v. S. Utah Wilderness Alliance*,
   542 U.S. 55 (2004) .............................................................................................4, 6, 7, 8

iv

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC;  3:19-CV-03807-EMC

*NRDC v. United States EPA* (*In re NRDC*),
  956 F.3d 1134 (9th Cir. 2020) ......................................................................................... 3, 6, 7

*Perez v. Mortg. Bankers Ass'n*,
  575 U.S. 92 (2015) ..................................................................................................................... 9

*Pierce v. Cook & Co.*,
  518 F.2d 720 (10th Cir. 1975) ................................................................................................... 3

*Prometheus Radio Project v. F.C.C.*,
  652 F.3d 431 (3d Cir. 2011) ...................................................................................................... 9

*Rodriguez v. Penrod,*
  No. 1:18-CV-00240 (CJN), 2020 WL 686012 (D.D.C. Feb. 11, 2020) .................................... 7

*Sierra Club v. Thomas*,
  828 F.2d 783 (D.C. Cir. 1987) .................................................................................................. 6

*United States v. State of Washington*,
  98 F.3d 1159 (9th Cir. 1996) .................................................................................................... 3

**Statutes**

5 U.S.C. § 551 ................................................................................................................................ 9

5 U.S.C. §§ 551(5) ......................................................................................................................... 9

5 U.S.C. § 553(c) ........................................................................................................................... 9

5 U.S.C. § 555(b) ........................................................................................................................... 6

5 U.S.C. § 706(1) ....................................................................................................................... 4, 6

5 U.S.C. § 706(2) ................................................................................................................ 1, 2, 3, 5

5 U.S.C. § 706(2)(A) ................................................................................................................ 7, 10

15 U.S.C. § 2607(a)(1)(A) ......................................................................................................... 1, 2

15 U.S.C. § 2607(a)(1)(B) .............................................................................................................. 8

15 U.S.C. 2620(b)(4)(A) .......................................................................................................... 1, 11

v

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC;  3:19-CV-03807-EMC

**Rules**

Fed. R. of Civ. P. 59(e) ..................................................................................................1, 2

Fed. R. of Civ. P. 60(b)(6) ..........................................................................................1, 2, 3

**Legislative Materials**

H.R. Rep. No. 94-1341 (1976) ...........................................................................................11

S. Rep. No. 94-698 (1976) ................................................................................................11

vi

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC;  3:19-CV-03807-EMC

**NOTICE OF MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60**

PLEASE TAKE NOTICE that on March 11, 2021, at 1:30 p.m., before the Honorable Edward M. Chen, United States District Judge, in Courtroom 5, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants will and hereby do move this Court to alter or amend the Judgment entered on January 5, 2021, under Federal Rule of Civil Procedure 59(e) or to grant relief under Federal Rule of Civil Procedure 60(b)(6) and enter Defendants' proposed order. This motion is based on the points and authorities below and argument that may be presented at any hearing on the pending motion.

1

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC;  3:19-CV-03807-EMC

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

EPA respectfully requests the Court to alter or amend the Judgment entered on January 5, 2021, under Federal Rule of Civil Procedure 59(e) or to grant relief under Federal Rule of Civil Procedure 60(b)(6). The Judgment was entered pursuant to the Court's Order of December 22, 2020, ECF No. 58,[1] in which the Court erred by directing EPA to take specific action on remand by amending the CDR Rule.

This Court previously found that the claims before the Court arise under section 706(2) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2). At summary judgment, the question presented was whether EPA's decision to deny Plaintiffs' petition to *initiate* a rulemaking to amend its CDR reporting rule pursuant to its authority under section 8(a) of TSCA, 15 U.S.C. § 2607(a)(1)(A), was arbitrary, capricious, or contrary to law. The available remedies under the APA have important limitations necessary to preserve the Executive Branch's discretionary rulemaking authority and basic procedural requirements afforded to the public. Thus, it is a foundational principle of administrative law that if the grounds that an agency invoked when it took action are found to be arbitrary and capricious, the proper remedy is vacatur of the decision and remand to the agency for reconsideration of the challenged action. The Court's Order also exceeds even the remedy requested by Plaintiffs under section 21(b)(4)(A) of the of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2620(b)(4)(A), which authorizes a Court to direct EPA to *initiate* the requested rulemaking proceeding.

Because the Court's Order exceeds the appropriate remedy under the APA (or even a remedy under TSCA), the Court should modify its Order by deleting the specific instruction to amend the CDR rule and remand the matter to EPA with instructions to reconsider Plaintiffs' petitions consistent with the deficiencies identified by the Court and issue a new response granting or denying the petitions.

---

[1] Unless specifically noted, EPA will cite to *Asbestos Disease Awareness Organization, et al. v. U.S. Environmental Protection Agency, et al.*, (*ADAO*), No. 19-cv-00871-EMC.

2

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC;  3:19-CV-03807-EMC

# BACKGROUND

These consolidated cases were brought by several environmental organizations and the attorneys general from ten states and the District of Columbia seeking review of EPA's decision to deny their petitions to *initiate* rulemaking under section 21 of TSCA. Plaintiffs moved for summary judgment under section 706(2) of the APA, arguing that EPA's denial of their rulemaking petitions was arbitrary and capricious as a matter of law. *See* Order 2. EPA filed a cross-motion for summary judgment. ECF No. 52. On December 22, 2020, the Court issued an order granting Plaintiffs' motions for summary judgment and denying EPA's cross-motion. Order, ECF No. 58. The Order remanded to EPA with specific instructions "to amend its CDR reporting rule pursuant to its authority under 15 U.S.C. § 2607(a)(1)(A) (i.e., under Section 8(a) of TSCA), to address the information-gathering deficiencies identified [therein]." Order 35. Judgment was entered on January 5, 2021. ECF No. 59.

# STANDARD OF REVIEW

This Court may alter or amend the Judgment under Federal Rules of Civil Procedure 59(e) or grant relief under Federal Rule of Civil Procedure 60(b)(6).

Under Rule 59(e), the Court may alter or amend a judgment to correct manifest errors of law or fact upon which the judgment rests. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *see also Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 466 (9th Cir. 1989) (explaining that the word "judgment" includes a decree and any order from which an appeal lies). A party may not use a Rule 59(e) motion to re-litigate old matters.[2] However, "[s]ince specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Id*. (citation omitted).

---

[2] The arguments made in this motion are distinct from the narrow remedy arguments set forth in the parties' briefs. At summary judgment, EPA submitted that Plaintiffs were not entitled to relief under TSCA because the only live claim before the Court was brought pursuant to section 706(2) of the APA. ECF No. 55 at 22-23. Here, EPA asserts that the Court erred in the specific relief granted because the remedy exceeds the Court's authority under both the APA and TSCA. Moreover, the Court's Order rested on cases that were not briefed by any party and, as explained below, are inapposite. Further, the remedy the Court fashioned is in excess of what Plaintiffs requested. EPA thus did not address these issues in its briefing.

3

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

Rule 60(b) allows the Court to "relieve a party ... from a final judgment, order, or proceeding" for "any other reason that justifies relief." The Ninth Circuit has noted that Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *United States v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996) (*quoting Klapprott v. United States*, 335 U.S. 601, 614–15 (1949)); *see also Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) ("Rule 60(b) gives the court a grand reservoir of equitable power to do justice in a particular case." (citations and internal quotations omitted)).

## ARGUMENT

The Court should grant this motion because the Judgment rests on a manifest error of law. The Court decided this case under the standard and scope of review set forth in the APA, 5 U.S.C. § 706(2). Order 2, 18. Section 706(2) authorizes courts to "set aside" agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2). If the court holds an agency action to be arbitrary and capricious, "the proper course [is] to remand to the [a]gency." *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 657 (2007); *see also Fed. Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20 (1952) (When reviewing the administrative decision, "the function of the reviewing court ends when an error of law is laid bare."). In this case, the Court did not merely remand the matter to the agency for further proceedings. Instead, the Court specifically directed EPA to amend the CDR rule. Order 35. The Court cited *A Community Voice v. EPA*, 878 F.3d 779, 788 (9th Cir. 2017), and *NRDC v. EPA* (*In re NRDC*), 956 F.3d 1134, 1143 (9th Cir. 2020), as lending support for the relief granted. *Id.* at 35-36. However, those cases involved materially different circumstances from those presented here and the scope of the relief was more limited.

By ordering EPA to take the specific action of amending the CDR Rule on remand, the Court interferes with EPA's discretionary authority to reconsider its response to the petitions—the agency action challenged here—and, if either petition is granted, conduct any rulemaking proceedings. Indeed, the Court's Order directs EPA to amend a regulation, an agency action that

4

would otherwise be subject to notice and comment rulemaking under the APA. Thus, although there are no live TSCA claims before the Court, the Court's remedy also exceeds its authority under TSCA by predetermining the final outcome of a *rulemaking proceeding* as opposed to directing the *initiation of a rulemaking proceeding*, as explicitly provided for under TSCA section 21(b)(4)(A).

## I.  THE COURT EXCEEDED ITS AUTHORITY UNDER THE APA BY DIRECTING EPA TO TAKE SPECIFIC ACTION ON REMAND.

The Court's Order instructing EPA to take specific action on remand to amend the CDR Rule contains a manifest error of law and conflicts with principles of constitutional and administrative law. The proper remedy under the facts and circumstances presented is vacatur and remand to the agency for further consideration of the decision to grant or deny Plaintiffs' petitions.

### A.  The Proper Relief Under 5 U.S.C. § 706(2) is Remand With Instructions to Reconsider the Challenged Agency Action.

With respect to discretionary agency decisionmaking, which is at issue here, the APA imposes parameters on the decisions an agency may make and how an agency may reach a decision. Under the APA, an agency must adequately consider relevant evidence and important aspects of the problem before it acts. Section 706 of the APA authorizes a reviewing court to "(1) compel agency action unlawfully withheld or unreasonably delayed"; and "(2) hold unlawful and set aside agency actions, findings, and conclusions found to be -- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(1), (2)(A).

Importantly, courts are not to substitute their own decisionmaking or policy views for that of an agency; that would run afoul of the separation of powers. *See, e.g.*, *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 66-67 (2004); *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). Instead, the APA authorizes courts only to ensure that agencies have engaged in reasoned decisionmaking. The principle purpose of this traditional limitation "is to protect agencies from undue judicial interference with their lawful discretion." *Gardner v. U.S. Bureau of*

5

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC;  3:19-CV-03807-EMC

*Land Mgmt.*, 638 F.3d 1217, 1221 (9th Cir. 2011). Thus, even if the Court believes that EPA should amend the CDR Rule, the Court does not have the power to compel that specific result on remand. *See id.* (explaining the same).

Where a reviewing court determines that the agency's action was arbitrary and capricious because it did not provide a reasoned explanation for its decision, the appropriate recourse is vacatur of the decision and remand to the agency for additional investigation or explanation. *Regents of the Univ. of California*, 140 S. Ct. at 1907–08; *see also Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("If the record before the agency does not support the agency action ... the proper course, except in rare circumstances, is to remand to the agency *for additional investigation or explanation*." (emphasis added)); *NLRB v. Food Store Employees Union*, 417 U.S. 1, 10 (1974) ("[W]hen a reviewing court concludes that an agency invested with broad discretion ... has apparently abused that discretion ..., remand to the agency for *reconsideration* … is ordinarily the reviewing court's proper course." (emphasis added)); *Camp v. Pitts*, 411 U.S. 138, 143 (1973) ("If [the agency's] finding is not sustainable on the administrative record made, then the [agency's] decision must be vacated and the matter remanded to [the agency] for *further consideration.*" (emphasis added)); *Federal Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20 (1952) ("[T]he function of the reviewing court ends when an error of law is laid bare. At that point the matter once more goes to the [agency] for *reconsideration*." (emphasis added)).

The premise of the Court's Order regarding relief was that EPA's petition denials were arbitrary and capricious under section 706(2) of the APA. *See* Order 35 (citing 5 U.S.C. § 706(2)); *see also* Order 18 (*quoting State Farm*, 463 U.S. at 43). The Court determined that EPA's actions denying Plaintiffs' petitions were arbitrary or capricious because the agency did not "articulate[] a satisfactory explanation for its decision." Order 18. Thus, the appropriate remedy is vacatur and remand with instructions to reconsider Plaintiffs' petitions consistent with the deficiencies identified by the Court and issue a new response granting or denying the petitions.

**B.     The Court's Order Reflects a Manifest Error of Law.**

Relying on *A Community Voice* and *In re NRDC*, the Court directed EPA to take the specific action of amending the CDR rule pursuant to the information-gathering deficiencies identified in the Order. However, *A Community Voice* and *In re NRDC* involved materially different circumstances from those presented here and the scope of the relief was more limited. Thus, neither case can be relied on for fashioning relief here.

The first material distinction is that *In re NRDC* and *A Community Voice* involved actions seeking writs of mandamus to compel EPA action assertedly "unlawfully withheld or unreasonably delayed" as opposed to actions seeking review of final agency action. *A Cmty. Voice*, 878 F.3d at 783; *In re NRDC*, 956 F.3d at 1137. This matter is devoid of any allegations by Plaintiffs, or any findings by the Court, that EPA "unlawfully withheld or unreasonably delayed" a discrete agency action it was required to take.

Nor could Plaintiffs assert here any claim that EPA "unlawfully withheld" action it was otherwise required to take. The APA directs a federal agency to conclude matters presented to it "within a reasonable time," 5 U.S.C. § 555(b), and thus an agency has a general duty to avoid "unreasonable delay." *Sierra Club v. Thomas*, 828 F.2d 783, 795, 797 (D.C. Cir. 1987), *partly abrogated by statute on other grounds*, as recognized in *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 553 n.6 (D.C. Cir. 2015); *see also* 5 U.S.C. § 706(1) (authorizing reviewing court to "compel agency action unlawfully withheld or unreasonably delayed"). However, "a delay cannot be unreasonable with respect to action that is not required." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 n.1 (2004). Thus, a claim of unreasonable delay can proceed only where the agency has yet to take discrete agency action it is required to take, *id.* at 64, and a court can compel only agency action that is legally required, *Gardner*, 638 F.3d at 1221–22. Likewise, the requisite agency action in a mandamus petition—like those being considered in *In re NRDC* and *A Community Voice*—must be a "duty [that] is ministerial and so plainly prescribed as to be free from doubt." *In re: Calif. Power Exch. Corp.*, 245 F.3d at 1120. Accordingly, a writ of mandamus based on a claim of unreasonable agency delay cannot issue absent a clear duty to act and a finding

7

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC;  3:19-CV-03807-EMC

of unreasonable delay in taking that action. *In re Bluewater Network*, 234 F.3d 1305, 1315 (D.C. Cir. 2000).

To be sure, a "failure to act" does not encompass a petition denial, which is the agency's final act of saying no to a request. A failure to act "is simply the omission of an action without formally rejecting a request." *Norton*, 542 U.S. at 63. Here, EPA took final agency action in denying Plaintiffs' TSCA section 21(a) petitions. *Cf. Rodriguez v. Penrod,* No. 1:18-CV-00240 (CJN), 2020 WL 686012, at *22-23 (D.D.C. Feb. 11, 2020) (finding no viable claim of agency action that was unreasonably withheld or delayed where the Department of Defense official had denied plaintiff's petition and plaintiff thereafter sought review of the denial under the APA). Thus, *In re NRDC* and *A Community Voice* are inapposite and cannot lend support in fashioning relief where the Court found EPA's *final action* to be arbitrary and capricious under section 706(2)(A) of the APA.

The second material distinction between the cases relied on by the Court and this matter is that the remedies provided by the Ninth Circuit in *In re NRDC* and *A Community Voice* were more limited than the remedy ordered here. In neither case did the Ninth Circuit go as far as directing EPA to take specific action on remand. In *In re NRDC*, the Court concluded that EPA had unreasonably and egregiously delayed the performance of its statutory duties under the Federal Insecticide, Fungicide, and Rodenticide Act. 956 F.3d at 1136. The remedy there was an order directing EPA to *either issue a response denying the petition or initiate the requested proceedings. Id*. at 1143. In *A Community Voice*, the Ninth Circuit found that because EPA *granted* a petition for a rulemaking under TSCA, EPA "came under a duty to conclude a rulemaking proceeding within a reasonable time." 878 F.3d at 785. Because—unlike here—EPA was *under a duty to conclude a rulemaking*, the remedy was an order directing EPA to issue a proposed rule within ninety days and a final rule within six months. *Id*. at 788; *see also id*. (citing to a line of cases making "it clear that when there has been an unreasonable delay in rulemaking, courts have power and discretion to enforce compliance within some form of timeline."). Thus, neither *In re NRDC*

8

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC;  3:19-CV-03807-EMC

nor *A Community Voice* lend support for directing EPA to take the specific action on remand to amend the CDR Rule.

### C. The Court's Remedy Conflicts with Principles of Constitutional and Administrative Law.

In addition to exceeding the Court's authority set forth in 5 U.S.C. § 706(2), the Court's error impermissibly intrudes upon the power of the Executive Branch and deprives the public of a meaningful opportunity to participate in the rulemaking process.

#### 1. Separation of Powers

As explained by the Supreme Court, "[t]he principal purpose of the APA limitations—and of the traditional limitations upon mandamus from which they were derived—is to protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve." *Norton*, 542 U.S. at 66. Here, the Court's Order improperly operates as a significant restraint on EPA's lawful discretion over the outcome of reconsideration of Plaintiffs' petitions, any rulemaking proceedings that possibly could flow from such reconsideration, and the content of a final rule promulgated under TSCA section 8. *See* 15 U.S.C. § 2607(a)(1)(B) (explaining that persons shall maintain and submit reports, "but only to the extent *the Administrator determines* the maintenance of records or submission of reports, or both, is necessary for the effective enforcement of this chapter") (emphasis added)); *see also Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907-08 (2020) (explaining that if the grounds for agency action are inadequate a court may remand to the agency for an opportunity to either "offer 'a fuller explanation of the agency's reasoning at the time of the agency action'" or "'deal with the problem afresh' by taking new agency action"); *see also Beno v. Shalala*, 30 F.3d 1057, 1076 (9th Cir. 1994) (remanding "with instructions to remand to the Secretary for additional consideration of plaintiffs' objections").

9

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

### 2. Notice and Comment Rulemaking

The procedural requirements for rulemaking proceedings are governed by the APA. 5 U.S.C. § 551 *et seq.* Prior to a rule's promulgation, *amendment*, modification, or repeal, agencies must engage in a notice-and-comment process. 5 U.S.C. §§ 551(5), 553. Specifically, "the agency shall give interested persons an opportunity to participate in the rulemaking through submission of written data, views, or arguments with or without opportunity for oral presentation." 5 U.S.C. § 553(c); *see also Bernhardt*, 472 F. Supp. 3d at 590 (same); *Am. Hosp. Ass'n v. Bowen*, 834 F.2d 1037, 1044 (D.C. Cir. 1987) (agencies are normally required "to afford notice of a proposed rulemaking and an opportunity for public comment prior to a rule's promulgation, amendment, modification, or repeal."); *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 109 (2015) (Scalia, J., concurring) ("Before an agency makes a rule, it normally must notify the public of the proposal, invite them to comment on its shortcomings, consider and respond to their arguments, and explain its final decision in a statement of the rule's basis and purpose.").

Among the reasons for requiring meaningful public participation in rulemaking proceedings are "(1) to ensure that agency regulations are tested via exposure to diverse public comment, (2) to ensure fairness to affected parties, and (3) to give affected parties an opportunity to develop evidence in the record to support their objections to the rule and thereby enhance the quality of judicial review." *California by & through Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1172 (N.D. Cal. 2019) *citing Prometheus Radio Project v. FCC*, 652 F.3d 431, 449 (3d Cir. 2011) (citation omitted); *accord Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1404 (9th Cir. 1995) ("The purpose of the notice and comment requirement is to provide for meaningful public participation in the rule-making process."). "To this end there must be an exchange of views, information, and criticism between interested persons and the agency." *Home Box Office, Inc. v. FCC*, 567 F.2d 9, 35 (D.C. Cir. 1977). The agency is obligated to consider and respond to the substance and merits of significant comments raised during those proceedings. *Perez*, 575 U.S. at 96; *N. Carolina Growers' Ass'n, Inc. v. United Farm Workers*, 702 F.3d 755, 769-70 (4th Cir. 2012).

10

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

The opportunity to comment is meaningless unless EPA retains its inherent discretionary authority in responding to significant points raised by the public by modifying or withdrawing all or parts of a proposed rule. *See National Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038 (D.C. Cir. 2012) (explaining that a change of course is well within an agency's discretion); *FCC v. Fox Television Stations*, 556 U.S. 502, 513–16 (2009) (explaining that so long as the agency provides "a reasoned explanation . . . for disregarding facts and circumstances" that have become outdated, "it suffices that the new policy is permissible under the statute, that there are good reasons for it, and that the agency believes it to be better); *see also Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016) (explaining that agencies are "free to change" course "as long as they provide a reasoned explanation"). Thus, the Court's Order directing EPA to amend the CDR rule frustrates the intent and purpose of the APA's procedural requirements for rulemaking proceedings by depriving the public of a meaningful opportunity to participate. In addition, where any final rule issued by EPA is subject to judicial scrutiny, the Court should not impair or impinge EPA's discretion under TSCA and the APA with respect to the substance of that action.

Thus, the Court should alter or amend the Judgment consistent with the discretionary powers of the Executive and the APA's procedural requirements for rulemaking by remanding to EPA with instructions to reconsider Plaintiffs' petitions consistent with the deficiencies identified by the Court and issue a new response denying the petition or initiating the requested rulemaking proceeding.

## II. THE COURT'S REMEDY ALSO EXCEEDS THAT PROVIDED BY TSCA.

There are no live TSCA claims before the Court, and the Court's Order cites to the standard of review set forth under section 706(2)(A) of the APA. Order 18. But even if the Court had decided the case under TSCA, the Court's Order exceeds the scope of any statutory remedy that would have been available under TSCA section 21.

Under TSCA section 21(b)(4)(A), a "petitioner may commence a civil action in a district court of the United States to compel the Administrator to *initiate a rulemaking proceeding* as

11

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC;  3:19-CV-03807-EMC

requested in the petition." 15 U.S.C. 2620(b)(4)(A) (emphasis added). A rulemaking proceeding includes notice and comment. "[P]ublic comment will be considered by [the] agency and the agency may alter its action in light of those comments." *Hall v. EPA*, 273 F.3d 1146, 1163 (9th Cir. 2001). Thus, while section 21 grants the district court jurisdiction to compel the agency to *initiate a proceeding* for a rulemaking that proposes the requested outcome, the outcome after proper notice and comment rulemaking could differ in some—perhaps significant—respects from the proposal.

The legislative history supports this distinction. The House Committee Report accompanying the original TSCA explained that, "[a]lthough the court may order the Administrator to initiate the requested rulemaking proceeding, *the court may not determine what the final outcome of the rulemaking proceeding should be*." H.R. Rep. No. 94-1341 (1976) (to accompany H.R. 14032) (emphasis added). The Senate Committee on Commerce made a similar assessment, stating that "[i]t should be noted that in reviewing a denial of the citizen's petition the court can only require EPA initiate an action. The court would not be allowed in this situation to determine the content of a rule or outcome of such proceeding." S. Rep. No. 94-698 (1976).[3]

Therefore, the Court's remedy is also in excess of what TSCA would authorize.

Finally, even Plaintiffs acknowledge the limitations of a TSCA remedy. In fact, Plaintiffs sought an order directing EPA to *initiate a rulemaking proceeding*. ADAO Am. Compl. 16 (requesting order that EPA "initiate rulemaking"); States Compl. 24 (same). Thus, the Court's remedy exceeds even what Plaintiffs sought.

---

[3] This report accompanied Senate Bill 3149, an earlier version of the bill, in which section 21 provided that:

> [a]ny person may petition the Administrator to issue a rule or order, or take other action under the Act . . . . If the petitioner can demonstrate to the satisfaction of the court, by a preponderance of the evidence in a de novo proceeding before such court, that the action requested in the petition conforms to the applicable requirements of this Act, the court shall order the Administrator to initiate the action requested by the petitioner.

12

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

## CONCLUSION

For the foregoing reasons, the Court must alter or modify the Judgment or otherwise grant relief consistent with the remedy available under section 706(2) of the APA by deleting the specific instruction to amend the CDR rule and remand the matter to EPA with instructions to reconsider Plaintiffs' petitions consistent with the deficiencies identified by the Court and issue a new response granting or denying the petitions.

Dated: February 2, 2021                                  Respectfully Submitted,

*Debra J. Carfora*
DEBRA J. CARFORA
BRANDON N. ADKINS
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-2640
Email: debra.carfora@usdoj.gov

*Counsel for Defendants*

13

EPA'S MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59 OR FOR RELIEF UNDER RULE 60
Case Nos. 3:19-CV-00871-EMC; 3:19-CV-03807-EMC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February, 2021, a true and correct copy of the foregoing EPA's Motion to Alter or Amend the Judgment Under Rule 59 or for Relief Under Rule 60 was filed electronically with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*Debra J. Carfora*
Debra J. Carfora
United States Department of Justice